THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TERREN PEIZER,<br><br>    *Plaintiff,*<br><br>v.<br><br>SIERRA PLOWDEN<br><br>    *Defendant*. | CIVIL No.:    26-1231<br><br>**VERIFIED COMPLAINT** |

Plaintiff Terren Peizer, a citizen and resident of Puerto Rico residing at 200 Dorado Beach Drive, #3831, Dorado, PR 00646, by way of Verified Complaint against Defendant Sierra Plowden, states as follows:

## INTRODUCTION

1. This is an action to recover a unique diamond engagement ring that the defendant Sierra Plowden, accepted under false pretenses. Defendant entered into a romantic personal relationship with Plaintiff Terren Peizer, and she was physically present within the Commonwealth of Puerto Rico for such purpose. During the course of that romantic personal relationship, Defendant made representations to Plaintiff Terren Peizer that she desired to continue her life together with Plaintiff Terren Peizer in Puerto Rico. In reliance upon that understanding, Plaintiff proposed, and Defendant accepted, an offer of marriage while the two of them were together in Dorado, Puerto Rico. As set forth more fully in the "Facts Common to all Claims" section of the Verified Complaint, at that same time and place Plaintiff Terren Peizer presented to Defendant a "temporary" engagement ring with the understanding that it would be replaced by a new ring. The ring, with a total of five karats of natural flawless diamonds, was – and is – unique.

1

10235626

2. Despite Plaintiff Terren Peizer and Defendant having reached an agreement to marry and merge their lives together in Puerto Rico, Defendant's subsequent actions demonstrate that she never had any intention of doing so. Although a formal demand was made that the engagement ring be returned, Defendant has failed to do so. This action now follows, with venue properly laid in the Commonwealth of Puerto Rico given that the pertinent actions stated herein occurred in Puerto Rico.

## THE PARTIES

3. Plaintiff Terren Peizer is a citizen and resident of the Commonwealth of Puerto Rico, residing in Dorado.

4. Defendant Sierra Plowden is a citizen and resident of the State of California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) in that this matter involves a matter in controversy which exceeds $75,000 and is between citizens of different States.

6. Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events and omissions giving rise to the claim occurred in the District of Puerto Rico.

7. This Court has personal jurisdiction over Defendant Sierra Plowden (hereafter, "Defendant") pursuant to Rule 4(k) of the Federal Rules of Civil Procedure and the long-arm statute of the Commonwealth of Puerto Rico because Defendant made deliberate misrepresentations of intention, engaged in specific actions of deceit, breached contractual obligations, and committed tortious acts, all within Puerto Rico, from which this action directly arises.

10235626

## FACTS COMMON TO ALL COUNTS

8. Between approximately February 11, 2026 and approximately March 13, 2026, Defendant was in a romantic personal relationship with Plaintiff Terren Peizer.

9. During the course of the parties' relationship, Defendant indicated her intention and desire to merge her life with Mr. Peizer's, who is a citizen and resident of Puerto Rico.

10. On February 24, 2026, Defendant traveled to Puerto Rico, and with the explicitly expressed understanding that Defendant desired to continue her life together with Plaintiff Terren Peizer in Puerto Rico, Mr. Peizer asked Defendant to marry him.

11. In consideration of the February 24, 2026 offer of marriage, Plaintiff Terren Peizer presented Defendant with a "temporary" engagement ring, which he has possessed since 1987.

12. The temporary engagement ring had a center-cut flawless natural diamond setting of three karats. On each side of the center-cut diamond, there was a one karat diamond. In all, the ring had five karats of natural flawless diamonds which Plaintiff Terren Peizer has possessed for nearly forty years. In these respects, the ring, and the natural diamond, are unique.

13. Although the ring was worth more than $150,000, no amount of money damages could replace the unique flawless natural diamonds, as no two natural diamonds are the same.

14. Further, as Plaintiff Terren Peizer has cherished this ring for nearly forty years, no amount of money could replace it.

15. At the time of presentation of the ring, Mr. Peizer indicated to Defendant, which was repeated shortly thereafter in front of witnesses, that it was only a temporary engagement ring that would be replaced by a new ring purchased solely for Defendant.

3

10235626

16. Around the time of presentation of the ring, Mr. Peizer also clearly indicated to Defendant, in front of witnesses, that on each of the five previous occasions that he had given that ring and a marriage did not occur, the ring was returned.

17. The presentment of the temporary ring was both a gift conditioned upon Defendant merging her life and marrying Mr. Peizer and a loan, because he clearly said it was temporary.

18. Defendant accepted Mr. Peizer's offer of marriage, and the temporary engagement ring.

19. In the first week of March 2026, because Defendant accepted Plaintiff Terren Peizer's offer of marriage, Mr. Peizer gave Defendant $12,500, and subsequently, a credit card to cover Defendant's stated monthly expenses.

20. Defendant's statements to Mr. Peizer about monthly expenses were false.

21. Defendant overstated her monthly rent, as she falsely stated her monthly rent was $5,000.

22.  Defendant also charged clothing expenses to the credit card Mr. Peizer gave her despite the fact that the $12,500.00 payment included a $3,000.00 per month clothing allowance.

23. In addition, presumably because she had recently sold a Ferrari that was given to her from another male suitor, Defendant insisted that Mr. Peizer purchase her a $100,000.00 Mercedes Benz in California, rather than Puerto Rico

24. Defendant also demanded that the vehicle be titled, in California, in her name rather than in Mr. Peizer's name, despite the fact that Mr. Peizer was paying for it.

25. Defendant also requested that Mr. Peizer pay off her $26,000.00 in existing credit debts, a matter not previously disclosed by Defendant to Mr. Peizer.

4

10235626

26. It is unknown how or when Defendant incurred the $26,000.00 in credit card debt, as Defendant admitted to Mr. Peizer that she was recently being "given" $20,000 per month by a third male suitor, who terminated their relationship after he moved away.

27. Instead of moving to Puerto Rico to merge her life with Mr. Peizer's, Defendant made no efforts to travel to, much less move, to Dorado, Puerto Rico.

28. Additionally, Defendant refused to curtail her employment as a "VIP Nightlife Concierge," which prevented her from spending any time with Mr. Peizer during daylight hours, even though he provided Defendant with funds so that she did not have to work, and her expenses would be paid by him.

29. For example, Defendant refused to make any effort to see her "fiancé" for five days after he traveled from Puerto Rico to California, in large part, to see her. Presumably, Defendant was "working" all night and sleeping all day during that weekend time.

30. Rather than merging her life with Mr. Peizer's in Puerto Rico as she had agreed to do when she accepted the temporary engagement ring, Defendant preferred to remain working at night and living in Los Angeles with her approximately 21 year-old male roommate.

31. Instead, Defendant only offered to see Plaintiff Terren Peizer in Los Angeles at those times when she wanted to take advantage of Mr. Peizer's LA Lakers' floor tickets.

32. Contrary to the parties' discussion and agreement, it now is apparent that Defendant's stated desire was not to merge with Mr. Peizer, but rather to merge only with Mr. Peizer's money.

33. Having become aware of Defendant's true intentions through her conduct as aforesaid, including suggesting that she had no intention of stopping her "VIP Nightlife Concierge" work in Los Angeles (which meant she had no intention to merge her life with Plaintiff

5

10235626

Terren Peizer's in Puerto Rico), Plaintiff Terren Peizer requested the return of his engagement ring, but that request was ignored by Defendant.

34. By letter dated April 9, 2026, Plaintiff Terren Peizer through his counsel renounced the gifts made to Defendant by reason of marriage because of the conditions of Defendant merging her life with his in Puerto Rico and the marriage was not fulfilled and did not occur. A true copy of the April 9, 2026 letter is attached hereto as Exhibit 1.

35. The April 9, 2026 letter demanded the immediate surrender and return of Mr. Peizer's engagement ring.

36. To date, Defendant has not returned the engagement ring to Mr. Peizer.

## **FIRST COUNT**

### **(Revocation of Donation Pursuant to 31 L.P.R.A. §§ 10064(a), 10065, and 10066)**

1. Plaintiff Terren Peizer's provision of the temporary engagement ring to Defendant under the circumstances stated as aforesaid constitutes a donation in anticipation of and consideration for Defendant merging her life with Mr. Peizer and marrying him.

2. Pursuant to 31 L.P.R.A. § 10064(a), Plaintiff Terren Peizer is entitled to revocation of the donation of the temporary engagement ring to Defendant because of Defendant's non-fulfillment of the charges imposed upon Defendant as agreed upon conditions of the donation.

3. Pursuant to 31 L.P.R.A. § 10066, Plaintiff Terren Peizer is entitled to a judicial declaration that the temporary engagement ring's donation is revoked.

4. Pursuant to 31 L.P.R.A. § 10066, Plaintiff Terren Peizer demands restitution and return of the temporary engagement ring by Defendant to Mr. Peizer.

**WHEREFORE**, Plaintiff Terren Peizer requests entry of Judgment in favor of Plaintiff Terren Peizer and against Defendant Sierra Plowden for:

6

10235626

(1) a preliminary and permanent injunction directing said Defendant not to transfer, sell, gift, hypothecate or otherwise dispose of the temporary engagement ring and to return the temporary engagement ring to Plaintiff Terren Peizer;

(2) declaring a constructive trust of the temporary ring for the benefit of Plaintiff Terren Peizer directing Defendant Sierra Plowden not to sell, transfer, hypothecate, pawn or otherwise dispose of the temporary engagement ring;

(3) awarding compensatory and consequential damages;

(4) awarding punitive damages;

(5) awarding Plaintiff Terren Peizer attorney fees and costs of suit; and,

(6) granting Plaintiff Terren Peizer such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### (Fraud in the Inducement and Formation of a Contract)

1. Plaintiff Terren Peizer repeats the allegations of the First Count of the Complaint as if set forth in full and at length herein.

2. Defendant falsely represented to Plaintiff Terren Peizer that she would merge her life with Plaintiff in Puerto Rico and marry him.

3. Plaintiff Terren Peizer reasonably and foreseeably relied on Defendant's false representations to him that she would merge her life with him in Puerto Rico and that they would be married.

4. In reliance upon Defendant's false representations as aforesaid, Plaintiff Terren Peizer tendered to Defendant the temporary engagement ring and paid funds to Defendant in anticipation of their marriage. As a result, Plaintiff has been deprived of the temporary engagement ring and has suffered economic loss.

5. As demonstrated by Defendant's conduct specifically stated aforesaid, Defendant intended to defraud Plaintiff Terren Peizer, and in fact did so defraud Plaintiff Terren Peizer.

7

10235626

**WHEREFORE**, Plaintiff Terren Peizer requests entry of Judgment in favor of Plaintiff Terren Peizer and against Defendant Sierra Plowden for:

 (1) a preliminary and permanent injunction directing said Defendant not to transfer, sell, gift, hypothecate or otherwise dispose of the temporary engagement ring and to return the temporary engagement ring to Plaintiff Terren Peizer;

(2) declaring a constructive trust of the temporary ring for the benefit of Plaintiff Terren Peizer directing Defendant Sierra Plowden not to sell, transfer, hypothecate, pawn or otherwise dispose of the temporary engagement ring;

(3) awarding Plaintiff Terren Peizer compensatory damages;

(4) awarding punitive damages;

(5) awarding Plaintiff Terren Peizer attorney fees and costs of suit; and,

(6) granting Plaintiff Terren Peizer such other and further relief as the Court deems just and equitable.

### THIRD COUNT

### (Deceit in the Performance of a Contract)

1.      Plaintiff Terren Peizer repeats the allegations of the First and Second Counts of the Complaint as if set forth in full and at length herein.

2.      Defendant falsely represented to Plaintiff Terren Peizer that she would merge her life with Plaintiff in Puerto Rico and marry him.

3.   Plaintiff Terren Peizer reasonably and foreseeably relied on Defendant's false representations to him that she would merge her life with him in Puerto Rico and that they would be married.

4.      In reliance upon Defendant's false representations as aforesaid, Plaintiff Terren Peizer tendered to Defendant the temporary engagement ring and paid funds to Defendant in anticipation of their marriage.

8

10235626

5.  Notwithstanding the fact that Plaintiff Terren Peizer performed his conditions of the parties' contract, Defendant nonetheless failed to merge her life with Mr. Peizer's in Puerto Rico and failed to marry him, thereby perpetrating fraud in the performance of the contract.

6.  As a result of Defendant's conduct, Plaintiff Terren Peizer has been deprived of the temporary engagement ring and has suffered economic loss.

7.  As demonstrated by Defendant's conduct specifically stated aforesaid, Defendant intended to defraud Plaintiff Terren Peizer, and in fact did so defraud Plaintiff Terren Peizer.

**WHEREFORE**, Plaintiff Terren Peizer requests entry of Judgment in favor of Plaintiff Terren Pelzer and against Defendant Sierra Plowden for:

(1) a preliminary and permanent injunction directing said Defendant not to transfer, sell, gift, hypothecate or otherwise dispose of the temporary engagement ring and to return the temporary engagement ring to Plaintiff Terren Peizer;

(2) declaring a constructive trust of the temporary ring for the benefit of Plaintiff Terren Peizer directing Defendant Sierra Plowden not to sell, transfer, hypothecate, pawn or otherwise dispose of the temporary engagement ring;

(3) awarding compensatory and consequential damages;

(4) awarding punitive damages;

(5) awarding Plaintiff Terren Peizer attorney fees and costs of suit; and,

(6) granting Plaintiff Terren Peizer  such other and further relief as the Court deems just and equitable.

## FOURTH COUNT

### (Breach of Contract)

1.  Plaintiff Terren Peizer repeats the allegations of the First through Third Counts of the Complaint as if set forth in full and at length herein.

2.  Plaintiff Terren Peizer and Defendant Sierra Plowden mutually agreed to merge their lives in Puerto Rico and to marry, in consideration for which Plaintiff Terren Peizer tendered

9

10235626

to Defendant a temporary engagement ring and paid stated financial obligations and/or needs of Defendant.

3.    Defendant's failure to merge her life with Mr. Peizer's in Puerto Rico, and her failure to marry him, constitutes non-performance of the parties' agreement and is a breach of the parties' contract.

4.    As a direct and proximate result of Defendant's breach of contract, Plaintiff Terren Peizer has been deprived of possession of the temporary engagement ring and paid funds to Defendant in anticipation of their marriage resulting in economic loss to Plaintiff.

5.    In addition to the foregoing, Plaintiff Terren Peizer has suffered moral damages which under the circumstances here are recoverable due to emotional distress sustained by Mr. Peizer.

 **WHEREFORE**, Plaintiff Terren Peizer requests entry of Judgment in favor of Plaintiff Terren Peizer and against Defendant Sierra Plowden for:

 (1) a preliminary and permanent injunction directing said Defendant not to transfer, sell, gift, hypothecate or otherwise dispose of the temporary engagement ring and to return the temporary engagement ring to Plaintiff Terren Peizer;

(2) declaring a constructive trust of the temporary ring for the benefit of Plaintiff Terren Peizer directing Defendant Sierra Plowden not to sell, transfer, hypothecate, pawn or otherwise dispose of the temporary engagement ring;

(3) awarding Plaintiff Terren Peizer compensatory damages;

(4) awarding Plaintiff Terren Peizer punitive damages;

(5) awarding Plaintiff Terren Peizer attorney fees and costs of suit; and

(6) granting Plaintiff Terren Peizer such other and further relief as the Court deems just and equitable.

10235626

## FIFTH COUNT

### (Breach of Obligation of Good Faith and Fair Dealing)

1.      Plaintiff Terren Peizer repeats the allegations of the First through Fourth Counts of the Complaint as if set forth in full and at length herein.

2.      Plaintiff Terren Peizer and Defendant Sierra Plowden mutually agreed to merge their lives in Puerto Rico and to marry, in consideration for which Plaintiff Terren Peizer tendered to Defendant a temporary engagement ring and paid stated financial obligations and/or needs of Defendant.

3.      An obligation of good faith governs the negotiation, performance, and enforcement of contracts, which includes duties of loyalty, collaboration, information sharing, and the avoidance of arbitrary or abusive conduct. This duty is intended to prevent parties from destroying or injuring the other party's right to receive the benefits of the contract.

4.      Defendant's failure to merge her life with Mr. Peizer's in Puerto Rico, and her failure to marry him, constitutes non-performance of the parties' agreement and is a breach of the obligation of good faith and fair dealing.

5.      As a direct and proximate result of Defendant's breach of the obligation of good faith and fair dealing, Plaintiff Terren Peizer has been deprived of possession of the temporary engagement ring and paid funds to Defendant in anticipation of their marriage resulting in economic loss to Plaintiff.

6.      In addition to the foregoing, Plaintiff Terren Peizer has suffered moral damages which under the circumstances here are recoverable due to emotional distress sustained by Mr. Peizer.

10235626

**WHEREFORE**, Plaintiff Terren Peizer requests entry of Judgment in favor of Plaintiff Terren Peizer and against Defendant Sierra Plowden for:

 (1) a preliminary and permanent injunction directing said Defendant not to transfer, sell, gift, hypothecate or otherwise dispose of the temporary engagement ring and to return the temporary engagement ring to Plaintiff Terren Peizer;

(2) declaring a constructive trust of the temporary ring for the benefit of Plaintiff Terren Peizer directing Defendant Sierra Plowden not to sell, transfer, hypothecate, pawn or otherwise dispose of the temporary engagement ring;

(3) awarding Plaintiff Terren Peizer compensatory damages;

(4) awarding Plaintiff Terren Peizer punitive damages;

(5) awarding Plaintiff Terren Peizer attorney fees and costs of suit; and

(6) granting Plaintiff Terren Peizer such other and further relief as the Court deems just and equitable.


**S/ WILLIAM J. HUGHES, JR.**
William J. Hughes, Jr., Esq.
Bar No.: 310103
E-Mail: wjhughes@pbnlaw.com

**PORZIO BROMBERG & NEWMAN, P.C.**
17 E. 8th Street
Ocean City, NJ  08226
973-889-4308

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
Francisco E. Colón-Ramírez, Esq.
Bar No.: 210510
E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 223-2364
Fax: (787) 425-4731

Dated: April 20, 2026

10235626

**VERIFICATION**

I,  Terren Peizer, of sound mind full age, pursuant to 28 U.S.C. § 1746, hereby declare:

1.      I am the Plaintiff in the captioned matter.

2.      I have read this Verified Complaint.

3.      I swear under penalty of perjury that the facts stated herein are true and correct to

the best of my knowledge and belief.

I declare under the penalty of perjury that the foregoing statements am aware that if any of

the foregoing is true and correct.

_____

Terren Peizer

Dated: April 20, 2026

13

10235626

# Exhibit 1
# (April 9, 2026 Letter)

10235626



William J. Hughes, Jr.
MEMBER, NJ, NY, PA, DC AND THE U.S.
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
DIRECT DIAL NO.: 973-889-4308
E-MAIL ADDRESS: WJHUGHES@PBNLAW.COM

5 SYLVAN WAY, SUITE 110
POST OFFICE BOX 218
PARSIPPANY, NJ  07054
TELEPHONE: (973) 538-4006
FAX: (973) 538-5146

April 9, 2026

**Via Email (SierraPlowden@gmail.com), UPS and Regular Mail**

Sierra Plowden
1121  N. Olive Dr., Apt 208
West Hollywood, CA 90069

  Re: Demand for Return of an Engagement Ring
  Our File No.  *"Pending"*

Dear Ms. Plowden,

This firm represents Terren Peizer.  Between approximately February 11, 2026 and approximately March 13, 2026, you were in a romantic relationship with Mr. Peizer.  During  the course of this relationship, you indicated your intention and desire to merge your life with Mr. Peizer's, who is a citizen and resident of Puerto Rico.  On February 24, 2026, you traveled to Puerto Rico, and with the understanding that you desired to continue your life together with Mr. Peizer in Puerto Rico, Mr. Peizer asked you to marry him.

In consideration of this offer of marriage, Mr. Peizer presented you with a "temporary" engagement ring, which he has possessed since 1987.  He indicated to you, in front of witnesses, that this was only a temporary engagement ring that would be replaced by a new ring purchased solely for you. Mr. Peizer clearly indicated that on each of the 5 previous occasions that Mr. Peizer had given that ring and a marriage did not occur, the ring was returned.  The presentment of the temporary ring was both a gift conditioned upon you merging your life and marrying Mr. Peizer and a loan, because he clearly said it was temporary.  You accepted Mr. Peizer's offer of marriage, and the temporary engagement ring.

It soon became apparent that you had no intention of merging your life with Mr. Peizer's, moving to Puerto Rico, or marrying Mr. Peizer.  In the first week of March, Mr. Peizer gave you $12,500, and subsequently, a credit card, to cover your stated monthly.  Your statements about monthly expenses were false: you overstated your monthly rent and you charged clothing expenses to the credit card Mr. Peizer gave you despite the fact that the $12,500 payment included a $3,000 a month clothing allowance. Additionally, you requested that Mr. Peizer pay off your $26,000 in existing credit card debts, and you insisted that Mr. Peizer purchase you a $100,000 Mercedes Benz in California (rather than Puerto Rico).  What was telling about your intent was your demand that the vehicle be titled in your name rather than Mr. Peizer's, despite the fact that he was paying for it.  Instead of moving to Puerto Rico to merge your life with Mr. Peizer's, you significantly delayed your arrival in Dorado, Puerto Rico by five days during one of your first trips. You refused to curtail your employment as a "VIP Nightlife Concierge," which prevented you from spending any time with Mr. Peizer during daylight hours (he provided you with funds so that you didn't have to work and your expenses would be paid), and you only offered to see him in Los Angeles when you wanted to take advantage of Mr. Peizer's LA Lakers' floor tickets.  Instead of



               **PBNLAW.COM**



merging your life with Mr. Peizer's, you preferred to refrain from seeing him when he was in Los Angeles and to remain living in Los Angeles with your approximate 21 year-old male roommate.  In all, it is apparent that your stated desire was not to merge with Mr. Peizer, but rather to merge with Mr. Peizer's money.

Mr. Peizer has requested the return of his engagement ring.  You have refused through your silence.  Under the law of Puerto Rico, and specifically, 31 L.P.R.A. § 10064(a), 10065 and 10066 (2020 Puerto Rico Civil Code), Mr. Peizer has, and does, renounce the gifts made to you by reason of marriage because of the conditions of you merging your life with his in Puerto Rico as set forth above and marriage was not fulfilled and did not occur.

Demand is hereby made for the immediate surrender and return of Mr. Peizer's engagement ring.  Unlike the Ferrari which you recently sold after it was gifted to you by another male suitor,[1] you are hereby instructed not to sell, transfer, hypothecate, pawn or otherwise dispose of this unique piece of jewelry.

If we do not hear from you within 48 hours of your receipt of this correspondence, Mr. Peizer will avail himself of all available remedies under law and equity.

Please be guided accordingly.

Very truly yours,

William J. Hughes, Jr.

WJH:KMH

---

[1] The male who gave you the Ferrari is believed to be different from the tech entrepreneur who was paying you $20,000 a month when he lived in the same city as you and who you may have met through the "Sugar Babies" WhatsApp group, of which you admitted being a member.

10227707                                                                                                                    PBNLAW.COM